N. JACOBI HARDWARE COMPANY v. JONES COTTON COMPANY
AND R. J. JONES, AGENT.

(Filed 22 October, 1924.)

**Actions—Controversies—Anticipated Damages—Equity—Actions at Law.**

An action brought by the seller of a cotton-scale beam may not be maintained against the purchaser thereof in anticipation of the latter's claim for damages arising upon the breach of an implied warranty against defects that caused damage to the purchaser, and upon demurrer the controversy may not be considered by the court as upon a case agreed. C. S., 626. Equitable rights of bills of peace, *quia timet,* and to remove clouds on title to lands distinguished.

APPEAL by plaintiff from *Calvert, J.,* upon a demurrer, at April Term, 1924, of NEW HANOVER.

*E. K. Bryan for plaintiff.*
*W. H. Weatherspoon for defendants.*

CLARKSON, J. The plaintiff contends: "On 4 October, 1923, the defendant, R. J. Jones, ordered from the plaintiff one Fairbanks Scale Beam, 202-700 pounds and a pair of cotton hooks, which plaintiff caused to be shipped C. O. D., to Jones charging him therefor the sum of $44, and which Jones received and paid for and turned same over to defendant Jones Cotton Company for whom the defendant Jones now claims he was purchasing the scale beam, though the plaintiff did not know that Jones was buying the scale beam for the Jones Cotton Company. The defendant Jones, ordered from plaintiff, the Fairbanks Scale Beam knowing that plaintiff did not manufacture same, but was selling such scale beam as furnished by the manufacturer thereof, and the plaintiff furnished to the defendant a scale beam manufactured by the manufacturer, and the scale beam was a Fairbanks Scale Beam, and the plaintiff did not know what use the purchaser intended to make of the article; but the defendants contend that the plaintiff in selling the scale beam made an implied, but not an express representation and warranty that the scale beam would weigh correctly and that the plaintiff had notice from the fact of the article the use for which it was purchased, and that the defendant relying upon the implied representation and warranty used the scale beam in the purchase of cotton, and the scale beam not weighing correctly, the defendant claims that he was damaged in the sum of $2,000, and had demanded such damages of the plaintiff, and that the defendants had threatened to, and were going to sue the plaintiff for such damages; and the parties being unable to agree upon the law and to the extent of the

responsibility and liability, the plaintiff brought this action to have the court to determine the dispute and adjudicate the rights, liabilities and responsibilities of the respective parties. The plaintiff claiming that there was no implied warranty in the sale of the scales, the defendants contending that there was, and by the demurrer the defendants admit that there is a bona fide dispute existing between the parties, and that they had made claim against the plaintiff for the amount alleged, and that they had threatened, and were going to bring suit against the plaintiff, and on this state of facts the judge sustained the demurrer and dismissed the action upon the ground that the courts were not open to the plaintiff on such allegations, but that the court would be open to the defendants and upon their application the court would adjudge the rights and liabilities, but that it would not so adjudge them at the plaintiff's request and upon plaintiff's complaint."

The defendants contend: "This is an action instituted by the Jacobi Hardware Company, of New Hanover County, against the Jones Cotton Company, of Scotland County. In the complaint, the plaintiff does not allege a cause of action against the defendant, but alleges that the defendant claims to have a cause of action against the plaintiff and seeks to require the defendant, Jones Cotton Company, to go into the Superior Court of New Hanover County and establish its claim, or be forever denied the right to do so, if it has a just claim. In the early Fall of 1923, the Jones Cotton Company, through one of its members, R. J. Jones, ordered cotton scales from the Jacobi Hardware Company. The scales were duly received and appeared to be accurate and in perfect condition. Without the poise, the beam balanced. With the correct poise, the scales would have been accurate. The poise, which was received by the Jones Cotton Co., should have weighed sixteen (16) pounds, and the poise, which was received, had the figures 16, moulded on the poise, as an indication of its weight. After the Jones Cotton Company had used the scales for a considerable time, the purchasers of cotton from the Jones Cotton Company began to complain about the shortage in weights. After an exhaustive investigation, it was finally discovered that the poise, which should have weighed sixteen (16) pounds, weighed only fifteen (15) pounds. At that time, the loss of the Jones Cotton Company, by reason of the erroneous weight of the poise, had amounted to approximately two thousand dollars ($2,000). The defendant advised the Hardware Company of the situation and the loss which it had suffered and asked that the Hardware Company make good the loss. The matter was left open for the Hardware Company and the present suit was instituted within a short time thereafter. In apt time, the defendant filed a demurrer to the complaint as

will appear in the record, upon the ground that the plaintiff had not stated facts sufficient to constitute a cause of action. The demurrer was sustained."

Plaintiff cites C. S., 626, which is as follows: "Parties to a question in difference which might be the subject of a civil action may, without action, agree upon a case containing the facts upon which the controversy depends, and present a submission of the same to any court which would have jurisdiction if an action had been brought. But it must appear by affidavit that the controversy is real, and the proceedings in good faith to determine the rights of the parties. The judge shall hear and determine the case, and render judgment thereon as if an action were pending."

In the instant case the plaintiff does not come within the provision of this section. Both parties did not "agree upon a case." If the defendant had answered and set up their claim and waived the venue and agreed to try the cause in New Hanover County, we think this could be done. But this was not done, and the defendant in apt time demurred to the complaint.

Plaintiff also cites Art. I, sec. 35, Const. of N. C., as follows: "All courts shall be open; and every person for an injury done him in his lands, goods, person, or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial or delay."

This is a wise provision. The courts shall be open for an injury done plaintiff. The vice of plaintiff's contention is that plaintiff does not allege an injury done it, but an injury, if properly pleaded and found to be true, perhaps, it has done the defendants. This is an orderly government and all remedies must conform to our Code of Civil Procedure and the lawful rules laid down by this Court under authority given it. Art. I, sec. 8, and Art. IV, secs. 2, 8, and 12, Const. of N. C.

Under civil procedure, an action (C. S., 392) is defined to be "an ordinary proceeding in a court of justice, by which a party prosecutes another party for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment or prevention of a public offense." Every other remedy is a special proceeding.

Under C. S., 511, it is provided that a defendant may demur to the complaint when it appears upon the face thereof (subsec. 6) that "the complaint does not state facts sufficient to constitute a cause of action."

We can see no actionable wrong set forth in the complaint done by defendants to plaintiff. Defendants in their brief facetiously state that plaintiff in the court below took the position that its complaint was a "Bill of peace." There is such a bill in equity, but not under facts as alleged in the complaint.

" 'Bills of peace' were used, first, to prevent vexatious recurrence of litigation by several asserting the same right, and, second, to prevent reiteration of an unsuccessful claim. Where a man sets up a general and exclusive right to lands or tenements, and many persons controvert it and he cannot quiet it except by resort to numerous actions at law, he has his remedy by a 'bill of peace' in equity, in which he may join all of the adverse claimants. *Vandalia Coal Co. v. Lawson,* 87 N. E., 47, 50; 43 Ind. App., 226." Words and Phrases, (2d Ser.) p. 451. *Detroit Trust Co. v. Hunrath,* 131 N. W., 147, 152; 168 Mich., 180.

There is a bill known as *quia timet.* "A bill *quia timet* is in the nature of a writ of prevention and is entertained as a measure of precaution, justice, and to forestall wrongs or anticipated mischiefs, as where a guardian or other trustee is squandering an estate, or where one in possession of property which another unjustly claims is likely to lose the evidence of his title by delay in asserting and testing the hostile claim. *Bailey v. Briggs,* 56 N. Y., 407, 415." Words and Phrases, p. 452. *Fittichauer v. Metropolitan Fire Proofing Co.,* 61 Atl., 746, 748, 70 N. J. Eq., 429.

We have a remedial statute which has been liberally construed quieting land titles, more comprehensive than the old suit in equity to remove a cloud from title.

C. S., 1743, in part, is as follows: "Titles quieted. An action may be brought by any person against another who claims an estate or interest in real property adverse to him for the purpose of determining such adverse claims, etc. . . . . If the defendant in such action disclaim in his answer any interest or estate in the property, or suffer judgment to be taken against him without answer, the plaintiff cannot recover costs, etc." *Mining Co. v. Mills Co.,* 181 N. C., 361, in this case a "bill of peace" is mentioned. *Stocks v. Stocks,* 179 N. C., p. 289; *Power Co. v. Power Co.,* 175 N. C., p. 668; *Satterwhite v. Gallagher,* 173 N. C., p. 525.

We have treated the suit seriously. Neither plaintiff nor defendants have cited any statute or authority, as we construe them, giving any cause of action to plaintiff on facts as set forth in the complaint. The plaintiff "jumps before he is spurred."

It may be that defendants will never sue plaintiff, they may forego their right. *Locus pœnitentiæ.*

For the reasons given, the demurrer must be sustained and the suit dismissed.

Affirmed.