D. W. WHITFORD and Wife, KATIE MAY WHITFORD, v. THE NORTH CAROLINA JOINT-STOCK LAND BANK OF DURHAM and THE INTERSTATE TRUSTEE CORPORATION, Trustee.

(Filed 31 October, 1934.)

1. **Appeal and Error J f—**

    While the Supreme Court has the power on appeal in injunction proceedings to find and review the findings of fact, where the findings are in accord with the greater weight of the evidence the Supreme Court will not be disposed to disturb the findings.

2. **Mortgages H o—Agreement to defer execution of deed is revocable at will of cestui in absence of agreement as to time of forbearance.**

    A parol agreement to defer the execution of the deed from the trustee to the *cestui que trust,* the purchaser at the foreclosure sale, in order to give the trustor time to raise funds to redeem the lands, is revocable at the will of the *cestui que trust* where there is no agreement as to the length of time the execution of the deed should be deferred.

3. **Mortgages H p: Appeal and Error J c—Inadequacy of purchase price alone is insufficient to set aside foreclosure.**

    Inadequacy of purchase price, standing alone, is not sufficient to set aside a deed to the purchaser at a foreclosure sale where the sale is made in conformity with the power of sale in the instrument, and, upon the return of a temporary restraining order in a suit attacking the validity

of the foreclosure, the court's refusal to find the value of the lands at the time of the sale will not be held for error, since such finding, in the absence of allegations of fraud, is immaterial.

**4. Mortgages C b: Appeal and Error J c—Refusal to find immaterial fact will not be held for error.**

Where both the husband and wife sign and deliver a note and deed of trust securing same it is immaterial which of them holds title to the lands, and upon the return of a temporary restraining order in a suit to set aside foreclosure of the deed of trust, an exception to the court's refusal to find which held title will not be sustained.

**5. Mortgages H p—In suit attacking foreclosure, remedy against transfer of property is by notice of lis pendens and not by injunction.**

In a suit attacking the validity of a foreclosure sale under a deed of trust, a temporary order enjoining further transfer of the property by the *cestui que trust*, the purchaser at the sale, is properly dissolved, since plaintiff trustor has an adequate remedy at law by filing notice of *lis pendens* in accordance with the statute.   C. S., 500, *et seq.*

**6. Injunctions B b—**

Where there is a full, complete, and adequate remedy at law, the equitable remedy of injunction will not lie.

**7. Mortgages H o—**

Ch. 275, Public Laws of 1933, has no application after a foreclosure sale under power contained in the instrument has been confirmed.

APPEAL by plaintiffs from an order of *Parker, J.,* at September Term, 1934, of JONES, dissolving a restraining order.   Affirmed.

This is a civil action, instituted on 8 August, 1934, by the plaintiffs to restrain the defendants from making further assignment or sale of certain real estate; and to cancel and set aside, "on the ground that the consideration is inadequate," a deed for said real estate from the defendant Interstate Trustee Corporation, trustee, to the codefendant North Carolina Joint-Stock Land Bank of Durham, dated 5 April, 1934, and recorded .... May, 1934, in the registry of Jones County; and for an accounting between the plaintiffs and the defendant bank.

The court found, in substance, that the plaintiffs borrowed from the defendant bank on 27 March, 1923, the sum of $6,000, and to secure the loan delivered to said bank a note payable on an amortization plan in semiannual installments on the first of April and first of October of each year till paid, and executed to a trustee a deed of trust on the land described in the complaint, and that the defendant Interstate Trustee Corporation has been duly made substitute trustee for said deed of trust; that on 3 March, 1934, there were defaults in the terms of the amortization plan of the note and of the deed of trust in that no semiannual installments had been paid since October, 1931, and in that the taxes on the land for the years 1929, 1930, 1931, 1932, and 1933 were unpaid;

and that on said 3 March, 1934, the substitute trustee, at the request of the defendant bank, the holder of the note, advertised said lands for sale, and that pursuant to such advertisement and the terms of the deed of trust said land was sold on 5 April, 1934, at public auction, when and where the defendant bank became the last and highest bidder at the sum of $4,900, and no increase or upset bid was filed; and that in the month of May, 1934, the substitute trustee, upon payment of said purchase price, conveyed said lands to the defendant bank by deed dated 5 April, 1934, and recorded on .... May, 1934, in the public registry of Jones County; and that the defendants had indulged the plaintiffs from time to time, prior to the aforesaid sale, to enable them to make payment of the semiannual installments due and in arrears under the terms of the amortization plan of the note and the deed of trust, and that said installments and arrears have not been paid; and that at the time of said sale the plaintiffs contended that there was an unpaid balance on said note of $3,737.94, and the defendants contended that there was an unpaid balance of approximately $4,700; and that there were subsequent to said deed of trust two past-due mortgages on said land for the sums of $4,000 and $435.00, respectively, with accumulated interest.

Upon the foregoing findings of fact the court reached the conclusion that any rights to which the plaintiffs are entitled under their complaint and replication could be fully, completely and adequately preserved by filing notice of *lis pendens* as by law provided, and dissolved the temporary restraining order. The plaintiffs excepted and appealed to the Supreme Court, assigning errors.

*Warren & Warren for appellants.*
*J. S. Patterson and R. E. Whitehurst for appellees.*

SCHENCK, J. The ten assignments of error in the record may be discussed in four groups, namely, (1) those based upon exceptions to the court's finding that the plaintiffs were in default, (2) those based upon exceptions to the court's refusal to find a breach by the defendant bank of a parol agreement, made after the foreclosure sale, to hold up delivery of deed in order to give the plaintiffs more time to raise money to redeem their land, and (3) those based upon exceptions to the court's failure to find the value of the plaintiffs' land at the time of the foreclosure sale, and (4) those based upon the failure of the court to find that the title of the land was in the *feme* plaintiff.

As to the first group: It is true that in one aspect of the pleadings and evidence it was a controverted fact as to whether the plaintiffs were in default at the time of the institution of this action, and although there may have been evidence tending to support the allegation of the com-

plaint "that the plaintiffs have paid all of said installments, or arranged for all of said installments to be paid," there was ample evidence to justify the court's finding that the plaintiffs had failed to pay certain past-due installments, and were therefore in default. While on appeal in injunction proceedings the Supreme Court has the power to find and to review the findings of fact, *Teeter v. Teeter,* 205 N. C., 438, we are not disposed to change his Honor's findings, since we are of the opinion that they are not only supported by the evidence, but are in accord with the greater weight thereof.

As to the second group: It was likewise a controverted fact as to whether the delivery of the deed from the substitute trustee to the co-defendant bank was in breach of a parol agreement between the plaintiffs and defendant bank to ·hold the matter up and give the plaintiffs further time to raise the money to save their property, and there was competent evidence offered on both sides of this controversy. His Honor found for the defendants, and we are of the opinion that such finding was in accord with the weight of the evidence. There is no evidence in the record tending to show how long the defendants agreed "to hold the matter up" or how much "further time to raise the money" they agreed to give. If such a parol agreement was made, with the element of time entirely absent, it would have been revocable at the will of the defendant bank.

As to the third group: In the absence of any allegation or proof of fraud, the value of the land sold at the time of the foreclosure was immaterial, since mere inadequacy of purchase price standing alone is not sufficient to entitle the plaintiffs to have set aside a deed given by a trustee where a deed of trust has been foreclosed in conformity to the power of sale therein contained. *Roberson v. Matthews,* 200 N. C., 241.

As to the fourth group: In view of the fact that the *feme* plaintiff, as well as the male plaintiff, executed and delivered both the note and the deed of trust, it is obviously immaterial which of the plaintiffs held title to the land.

His Honor concluded his order with the following language: "The court further finds that any rights or remedies to which plaintiffs may be entitled by reason of their complaint and replication can and may be preserved by filing notice of *lis pendens,* as provided by statute, and that for any rights or remedies that they may have by reason of their pleadings, they have a full, complete and adequate remedy at law."

We think his Honor's conclusion is a correct one. Article 2, ch. 12, of Consolidated Statutes, provides that "In an action affecting the title to real property, the plaintiff, at or any time after the time of filing a complaint, . . . may file with the clerk of each county in which the property is situated a notice of the pendency of the action, . . ." (sec. 500), and that "any party to an action desiring to claim the benefit

of a notice of *lis pendens* . . . shall cause such notice to be cross-indexed, . . . ." (sec. 501), and that "from the cross-indexing of the notice of *lis pendens* only is the pendency of the action constructive notice to a purchaser or encumbrancer of the property affected thereby; and every person whose conveyance or encumbrance is subsequently executed or subsequently registered is a subsequent purchaser or encumbrancer, and is bound by all proceedings taken after the cross-indexing of the notice to the same extent as if he were made a party to the action. . . ." (Sec. 502.)

By complying with these plain statutory provisions the plaintiffs can preserve every right they may have under their pleadings; and it is too well settled in this jurisdiction to require citations of authority that where there is a full, complete and adequate remedy at law the equitable remedy of injunction will not lie.

Chapter 275, Public Laws of 1933, has no application to this case, since the sale had been made and confirmed and the deed from the trustee to the purchaser had been of record for approximately three months before the institution of this action, and the act provides that any person having a legal or equitable interest in real estate "may apply to a judge of the Superior Court, *prior to the confirmation* of any sale of such real estate by a mortgagee, trustee, commissioner, or other person authorized to sell the same, to enjoin such sale or confirmation thereof, upon the ground that the amount bid or price offered therefor is inadequate and inequitable and will result in irreparable damage" to such interested person.

Affirmed.