WOODIE C. ARMSTRONG, LIZZIE McCALLUM, CURTIS GEORGE, SARAH GEORGE, DICK GEORGE, AND DETLAW GEORGE, BY THEIR NEXT FRIEND, ADDELL MARTIN, AND HETTIE GEORGE, BY HER NEXT FRIEND, ADDELL MARTIN, v. ALICE ARMSTRONG.

(Filed 30 March, 1949.)

**1. Tenants in Common § 2—**

   The testator devised to his minor granddaughter a certain number of acres out of the larger tract, and devised the balance thereof to his son and daughter. His widow was named executrix and trustee for the minor devisee. *Held:* The widow, as trustee, was a tenant in common in the said tract pending division thereof.

**2. Injunctions § 2—**

Injunction is available in proper instances to preserve the *status quo* and protect the parties from irreparable injury pending the final determination of the action provided there is no full, complete and adequate remedy at law.

**3. Injunctions § 4c—**

Defendant, as trustee for a minor devisee, was a tenant in common with the adult devisees. In partition proceedings, defendant was enjoined from cultivating the tract or removing timber therefrom. *Held:* Since defendant is not a trespasser and plaintiffs have an adequate remedy at law to recover possession by action in ejectment, it was error to enjoin her from cultivating the land, and the restraining order is thus modified.

**4. Same—**

A restraining order may not be used as a method of settling a dispute as to the possession of realty, title not being in dispute.

**5. Trespass § 1a—**

A trespass is a wrongful invasion of the possession of another, and therefore a tenant in common in possession cannot be a trespasser.

APPEAL by defendant from *Burney, J.,* in Chambers, 16 December 1948, COLUMBUS. Error.

Petition for partition of real property, heard on motion for injunction.

In 1939 William H. Armstrong, being then the owner of a number of small tracts of land in Columbus County, died leaving a last will and testament and codicil thereto in which he devised to his children and grandchildren each a certain number of acres of land to be cut off from designated tracts. He devised to his widow the home place nine acre tract and certain other property and named her executrix of his will and trustee for the infant devisees.

In particular, testator devised to his infant granddaughter Hettie George and to Lizzie McCallum five acres of land each, to be cut off from a 38½ acre tract known as the Sykes tract. The balance of said tract, less said ten acres, he devised to his son Woodie C. Armstrong.

The petitioners, devisees under said will, instituted this proceeding for a division of said real property as directed in said will.

It is expressly alleged in the petition that the defendant is in possession of all the land of which the testator died seized and possessed and is "collecting the rents for same and refuses to turn over to the minors their part of the rent . . ."

Pending the hearing on the petition, Woodie C. Armstrong applied for and obtained an order restraining defendant from entering upon or cultivating the said 38½ acre tract or cutting, damaging, or removing timber therefrom. When the cause came on to be heard on the rule to show cause, the court below continued the restraining order to the final hearing. Defendant excepted and appealed.

*H. L. Lyon and Burns & Burns for plaintiff appellees.*
*Powell & Powell for defendant appellant.*

BARNHILL, J.   As testamentary trustee for Hettie George, the defendant, pending division thereof, is a tenant in common of the 38½ acre tract of land claimed by movant and is in possession thereof. She cannot be dispossessed in the manner here attempted. The movant's proper remedy is by an action in ejectment.

An injunction is available in proper instances to preserve the *status quo* and protect the parties from irreparable injury pending the final determination of the action. *Jackson v. Jernigan,* 216 N.C. 401, 5 S.E. 2d 143; *Young v. Pittman,* 224 N.C. 175, 29 S.E. 2d 551. But it will not lie when there is a full, complete, and adequate remedy at law. *Whitford v. Bank,* 207 N.C. 229, 176 S.E. 740; *Newton v. Chason,* 34 S.E. 2d 70.

Nor may a restraining order be used as an instrument to settle a dispute as to the possession of realty or to dispossess one for the benefit of another. *Jackson v. Jernigan, supra; Young v. Pittman, supra.* The right of possession to real property, as against one in the wrongful possession, is enforceable in an action at law. Controverted issues in respect thereto must be decided as in other civil cases.

The contention that the defendant, by entering upon and cultivating said tract is a continuing trespasser cannot be sustained. A trespass is a wrongful invasion of the possession of another. *Frisbee v. Marshall,* 122 N.C. 760; *Gordner v. Lumber Co.,* 144 N.C. 110; *Tripp v. Little,* 186 N.C. 215, 119 S.E. 225; *Lee v. Stewart,* 218 N.C. 287, 10 S.E. 2d 804. Here it is expressly alleged in the petition that defendant herself is in possession. She is, as trustee, a tenant in common. Her cultivation of the soil works no irreparable injury to the freehold, and her action in so doing is not subject to injunctive restraint in this action.

It follows that there was error in so much of the order entered as undertakes to restrain defendant from cultivating the Sykes 38½ acre tract "during the agricultural year 1949." It must be modified accordingly.

Error.