DR. JAMES E. OWEN AND EVA B. OWEN v. CLAUDE DeBRUHL AGENCY, INC., AND CLAUDE DeBRUHL, PERSONALLY.

(Filed 9 March, 1955.)

**1. Injunctions § 5—**

G.S. 1-490 prescribes that a temporary restraining order issued without notice shall not be granted for a longer period than 20 days, but the statute does not require a hearing within 20 days, and when a date fixed in the order for the hearing is within the 20-day period the fact that the hearing is postponed by the judge for good and sufficient reason does not require the dissolution of the order.

**2. Appeal and Error § 40c—**

Where the complaint and affidavits are sufficient to support the conclusion that defendants had entered upon plaintiffs' land and were maintaining thereon a continuous nuisance, defendants may not contend that plaintiffs had waived the allegations as to nuisance by agreeing to defendants' statement of case on appeal that the action was for trespass to try title, since the verified complaint, affidavits and orders also appear in the case on appeal.

**3. Injunctions § 4d—**

Verified allegations to the effect that defendants had entered upon plaintiffs' land, established a shooting gallery where high powered firearms were frequently discharged over plaintiffs' land, endangering aircraft approaching and leaving plaintiffs' landing field, and constituting a continuous nuisance, both private and public in character, are *held* sufficient to support and warrant the issuance of a temporary restraining order, and defendants' contention that the action was one in trespass to try title and that plaintiffs have an adequate remedy at law, is untenable.

**4. Injunctions § 8—**

An order continuing the temporary restraining order to the hearing on the merits relates back to the findings and prohibitions of the original order and continues it in effect.

**5. Same—**

Where the facts alleged in the verified complaint are sufficient to warrant and require the issuance of a restraining order, the judge may properly continue the temporary order to the hearing without further findings.

**6. Appeal and Error § 40c—**

On appeal from the continuance of a temporary restraining order, the Supreme Court may review the evidence in order to determine on appeal whether the order was justified.

BARNHILL, C. J., and DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by defendants from *Nettles, Resident Judge,* in Chambers at Asheville, 27 November, 1954, BUNCOMBE.

This is a civil action in which the plaintiffs allege that they are the owners of certain described lands containing 32.11 acres on the French Broad River in the City of Asheville, and being what is known as the Carrier or Owen Flying Field; that some of the plaintiffs' lots embraced in the boundaries adjacent to the airfield were cultivated in corn and shrubbery and that a private road crossed these lands; that defendants wrongfully entered upon the lands, destroyed the corn and shrubbery, tore up the road, and established a shooting gallery where high powered firearms were frequently discharged over plaintiffs' land, especially endangering aircraft approaching and leaving the landing field; that defendants' use of the plaintiffs' premises was unlawful, wanton and willful, and constituted a continuous nuisance, both private and public in character. Plaintiffs asked for $5,000.00 actual and $10,000.00 punitive damages, and for an order restraining the defendants, their agents, etc., from further trespassing upon the premises.

On 23 October 1954, and without notice, and upon plaintiffs' complaint being treated as an affidavit, Judge Nettles, Resident Judge of the Nineteenth Judicial District, issued an order enjoining and restraining the defendants, etc., from doing the acts complained of, to wit: Trespassing upon the lands and roadway of the plaintiffs, blocking said lands and roadway, and interfering with the operation of airplanes, firing high powered .22 rifles and shotguns in, upon and around said premises, or in any manner interfering with the use and ownership of the plaintiffs as described in the complaint. The order was to become effective upon service.

The defendants were ordered to appear before the Resident Judge at Chambers in the Courthouse in Asheville at eleven o'clock, 12 November 1954, or as soon as counsel could be heard, and show cause why the order, or some order of like purport, should not be continued to the hearing. On 10 November, Judge Nettles notified the plaintiffs' counsel and the Clerk Superior Court that due to a death in his family he would be unable to hold the hearing on the 12th. On 12 November, defendants, their counsel not having been notified of the continuance, appeared at the courthouse at the time set. Neither the plaintiffs nor their counsel, nor the judge appeared.

Judge Nettles filed an order *nunc pro tunc* as of 12 November, setting the hearing for 20 November. On that day all parties and counsel appeared. However, another hearing before Judge Nettles consumed the entire day. The hearing was reset for 27 November. The defendants filed numerous affidavits as to their readiness for the hearing set for 12 November and the failure of the court, clerk and defense counsel to give them notice of the postponement.

The defendants filed an affidavit of William DeBruhl, who testified that he was employed by the defendants to operate and manage the turkey shooting operations which were carried on lawfully and in accordance with police requirements, and were without danger either to aircraft or persons. A hearing was held on 27 November with all parties and counsel present. The defendants' motions to dismiss on account of the continuances and on the merits were all overruled. The order entered stated: "The court finds that the temporary restraining order issued herein should be continued until the final hearing." An additional bond was required and approved. The defendants objected to the findings of fact and conclusions of law, excepted to the signing and entry of the order, and appealed.

*McLean, Gudger, Elmore & Martin, By: Harry C. Martin, for defendants, appellants.*

*J. W. Haynes for plaintiffs, appellees.*

HIGGINS, J. The defendants insist the temporary restraining order issued without notice should have been dissolved because of the failure of the resident judge to give the defendants a hearing within 20 days as provided in G.S. 1-490. The statute does not require a hearing within 20 days. It provides that no order for a period longer than 20 days shall be granted. It provides also, any order issued shall continue until vacated. The date fixed for the hearing in the order in question was within the 20-day period. However, due to death in the family of the judge two days before the hearing date, the judge notified counsel for the plaintiff

and the Clerk Superior Court of Buncombe County he would not be able to hold the hearing as scheduled on the 12th. Neither the court, nor the clerk, nor plaintiffs' counsel notified defendants' counsel of the postponement. Up to that time the defendants had filed no pleadings, consequently no counsel appeared of record. Another hearing was scheduled for 20 November. However, on that date the judge was engaged in another hearing that consumed the entire day.

Finally, a hearing was held on 27 November, when all parties and counsel were present. The defendants filed motions to dismiss because of the court's failure to hold the hearing on the 12th, and upon the merits. Both motions were supported by affidavits. After the hearing, and presumably considering all matters presented, the judge continued the restraining order until the trial.

In this case, the court was amply justified in continuing the hearing scheduled for 12 November.

The defendants argue the purpose of this action is to try title to land and that the plaintiffs have an adequate remedy at law. They argue that the equitable remedy of relief by injunction is not available and the restraining order should be dissolved. In support of this position they cite *Armstrong v. Armstrong,* 230 N.C. 201, 52 S.E. 2d 362; *Whitford v. Bank,* 207 N.C. 229, 176 S.E. 740; *Jackson v. Jernigan,* 216 N.C. 401, 5 S.E. 2d 143. The defendants further argue that while the complaint may contain sufficient allegations which, if true, will support the temporary restraining order, yet "the attempted allegations by the plaintiff as to nuisance have been waived by their stipulation as to the case on appeal." The stipulation of counsel as appears in the record is silent on the question of the purpose of the action. What defendants' counsel evidently referred to as a stipulation is the defendants' statement in the case on appeal as follows: "This is a civil action instituted in the Superior Court of Buncombe County by the plaintiffs for trespass to try title upon the lands described in the complaint and for actual and punitive damages, together with a restraining order and order to show cause as appears of record." Plaintiffs' counsel agreed that the defendants' statement shall constitute the case on appeal. However, in the case on appeal, appears also the verified complaint, the affidavits, orders, etc. So, we have before us not only what the defendants say the case is about, but what the complaint and affidavits say it is about.

The allegations of the verified complaint are sufficient to support and warrant the temporary restraining order. As an answer to some of the allegations of the complaint, the defendant offered the affidavit to Mr. William DeBruhl who stated he was employed by the defendants to operate and manage their turkey shoots, which conformed to police require-

ments, and that only shotguns with skeet loads were used; and that the shooting did not affect or impair the operations of the airstrip.

After hearing and, so far as appears, considering all affidavits, the resident judge found the temporary order should be continued to the final hearing and entered an order accordingly. This order relates back to the findings and prohibitions of the original order and continues it in effect. The defendant argues that since the court in continuing the restraining order did not find any facts, that it is impossible for the defendants to point out wherein the order is deficient, except to say that it contains no findings and that the objection to the order is the only method of attack left to them. Findings of fact were not required if the allegations of the complaint and supporting affidavits, if any, and the affidavits in opposition, if any, show facts sufficient to warrant and require a restraining order, the judge may properly issue it without further findings. This is so for the reason that even if the judge below were to find facts, the findings would not be conclusive on appeal. In determining whether a restraining order was properly issued, the Supreme Court may look into and review the evidence in order to determine on appeal whether the order was justified. *Clinard v. Lambeth*, 234 N.C. 410, 67 S.E. 2d 452.

The defendants' exceptive assignments do not disclose error.

Affirmed.

BARNHILL, C. J., and DEVIN, J., took no part in the consideration or decision of this case.