## AMAZON COTTON MILLS COMPANY v. THE DUPLAN CORPORATION.

(Filed 1 February, 1957.)

**1. Arbitration and Award § 1—**

Agreement to arbitrate is the foundation on which arbitration must rest, and in the absence of agreement the award cannot be binding.

**2. Injunctions § 4f—**

Plaintiff sought to enjoin defendant from arbitrating a dispute between them, plaintiff claiming that it had not agreed to arbitration and defendant contending to the contrary. *Held:* Injunction will not lie since, if plaintiff's contention be correct, the award would not be binding and therefore would not be hurtful, while if defendant's contention be correct, equity cannot be enlisted to aid plaintiff in breaching its agreement to arbitrate.

**3. Actions § 1—**

The right to sue involves the right to select the time, the place and the tribunal.

**4. Injunctions § 4f—**

A party may not force his adversary to litigate a claim against him in the courts of this State, since, if his adversary bring suit in the wrong jurisdiction, he has the remedy of a motion to dismiss, or if in the wrong venue, the remedy of a motion to remove, or if in the proper jurisdiction

COTTON MILLS CO. *v.* DUPLAN CORP.

and correct venue, opportunity to appear, answer and defend, and therefore, he has an adequate remedy at law.

JOHNSON, J., not sitting.

APPEAL from *Olive, J.,* DAVIDSON Superior Court at Chambers, 26 March, and 14 April, 1956.

Civil action "primarily to restrain the defendant from proceeding with arbitration in New York, and secondarily for the purpose of having all matters pertaining to the controversy decided by the duly constituted courts of North Carolina."

The plaintiff is a North Carolina corporation engaged in the manufacture of cotton yarn, with its factory and main office in Thomasville, North Carolina. The defendant is a Delaware corporation, domesticated in North Carolina, operating textile manufacturing plants in North Carolina, Virginia, Pennsylvania, and elsewhere, with its main office at 1407 Broadway, New York City. Cannon Mills, Inc., with an office at 70 Worth Street, New York City, acted as sales agent for the plaintiff in the transactions here involved.

The parties entered into five contracts for the sale by the plaintiff and purchase by the defendant of 38,400 pounds of 36/2 combed amafleece vet black cotton yarn at $1.89 per pound. Each of the contracts contained the following: "The contract is subject to the provisions of the Cotton Yarn Rules as revised, but if the said Rules provide any conditions or procedure inconsistent with this contract, then the provisions of the contract shall control."

The defendant claimed damages in the sum of $65,442.95 by reason of the alleged failure of the amafleece to be 100 per cent cotton as warranted by the seller when in fact it was in part rayon.

All the foregoing appears from the plaintiff's complaint and the exhibits attached to and made a part of it. In addition, the plaintiff alleged it had not breached its contract in any way and was not due the defendant anything; that, . . . "a serious controversy exists as to the proper construction and interpretation of the aforementioned contract." . . . "That if the plaintiff participates in the arbitration proceeding under the laws of the State of New York, which has been initiated and instituted by the defendant it will subject itself to the jurisdiction of a foreign state for the purpose of trying and determining an action arising out of contract made in North Carolina and which is controlled by the laws of the State of North Carolina . . .; that the plaintiff is informed and believes . . . that if it does not participate in the arbitration proceeding . . . that an arbitrator will be appointed for the plaintiff and an award will be made and docketed in the State of New York with the force and effect of a judgment with the courts of that State."

"That if the said arbitration proceeding . . . is permitted to proceed it will oust the courts of North Carolina of jurisdiction to determine the serious controversy arising out of the contracts, . . . and thereby deprive the plaintiff of the right to have the controversy determined by the courts of this State, all of which will result in a multiplicity of suits and in irreparable injury to the plaintiff, for the prevention of which the plaintiff does not have a remedy at law."

The prayer is (1) that the Court determine all matters in controversy between the parties arising under the contracts and (2) that an appropriate restraining order be issued against the defendant enjoining and restraining it from proceeding with arbitration proceedings in the State of New York. The Resident Judge of the 22d Judicial District issued an order enjoining the defendant from proceeding with the arbitration in New York and "from attending any hearing, offering any evidence, or taking any steps whatsoever pursuant to said proceeding."

The defendant made a motion to dissolve the restraining order upon the grounds the complaint does not state facts sufficient (1) to give the court jurisdiction, (2) to show lack of an adequate remedy at law.

The Cotton Yarn Rules in effect on the date of the contracts provided "for the settlement of any controversy between buyer and seller by arbitration under the Rules of the General Arbitration Council of the Textile Industry," which, in turn, provided that if the parties are unable to agree respecting the time, place, or rules of arbitration, then such arbitration shall be held in the City of New York in accordance with the laws of the State of New York.

After hearing, the restraining order was continued "until the final determination of this action." The defendant excepted to the order, and appealed.

*Ratcliff, Vaughn, Hudson, Ferrell & Carter,*
*By: R. M. Stockton, Jr., for defendant, appellant.*
*James L. Rankin; E. T. Bost, Jr.; W. H. Beckerdite; Walser & Brinkley,*
*By: Don A. Walser, for plaintiff, appellee.*

HIGGINS, J. The questions involved in this appeal are altogether procedural. As stated in its brief, "the plaintiff institutes this action in the Superior Court of Davidson County, North Carolina, primarily to restrain the defendant from proceeding with arbitration in New York; and secondarily for the purpose of having all matters pertaining to the controversy decided by the duly constituted courts of North Carolina."

The parties entered into five written contracts, the first on 16 December, 1954, and the fifth on 20 April, 1955, under the terms of which the

COTTON MILLS CO. *v.* DUPLAN CORP.

plaintiff sold and delivered, and the defendant purchased and received 38,400 pounds amafleece cotton yarn at the agreed price of $1.89 per pound. The plaintiff admits it has been paid in full. It, therefore, seeks to assert no claim against the defendant. The defendant, on the other hand, contends it purchased the yarn under plaintiff's warranty that it was pure cotton, whereas in fact it was part rayon; that by reason of the breach of warranty, the defendant was greatly damaged. The plaintiff denied the breach of warranty; thus a controversy arose.

All the contracts between the parties contain the following provision: "This contract is subject to the provisions of the Cotton Yarn Rules as revised, but if such rules provide any conditions or procedure inconsistent with this contract, then the provisions of this contract shall control." The Cotton Yarn Rules provide for arbitration of controversies . . . "by proceeding under rules of the General Arbitration Council of the Textile Industry," which in turn provide . . . "If the parties are unable to agree on time, place, method, or rules of arbitration, then such arbitration shall be held in the City of New York in accordance with the laws of the State of New York."

After the controversy arose, the defendant instituted arbitration proceedings in New York City. The plaintiff's brief contains the following statement: "The plaintiff says that it has not contracted, agreed, or consented to arbitrate. The defendant says otherwise." If, as it contends, the plaintiff has not contracted, agreed, or consented to arbitrate, the arbitration proceeding in New York will not be binding on it. Agreement to arbitrate is the foundation on which arbitration must rest. In its absence the award will not be binding. Equity is not available until injury is threatened. "A well established rule of this Court is that injunctive relief will be granted only when irreparable injury is both real and immediate." *Hudson v. R. R.,* 242 N.C. 650, 89 S.E. 2d 441; *Wilcher v. Sharpe,* 236 N.C. 308, 72 S.E. 2d 662. "It is incumbent on the plaintiff to make out a *prima facie* case of irreparable injury entitling him to equitable relief by injunction." *Teer v. Jordan,* 232 N.C. 48, 59 S.E. 2d 359. "Arbitration proceedings, under an agreement for arbitration, may be enjoined where proper grounds therefor are present. Such proceedings, however, ordinarily will not be enjoined unless the conduct of the arbitrators or of the parties is manifestly unlawful. They will not be enjoined on the ground that some of the matters presented by one of the parties for determination are not within the contract of submission, or because one of the things which the arbitrators will decide is whether the case is one of which they will take cognizance." 43 C.J.S., 495. "Matters that will constitute a defense of which complainant may avail himself in an action pending or threatened against him cannot be made the ground of an injunction to restrain proceedings in such action, unless he alleges and proves special circum-

stances showing that he will suffer irreparable injury if he is denied the preventive remedy." 43 C.J.S., 481.

On the other hand, if the defendant's contention is correct, and the parties have contracted to arbitrate, then certainly a court of equity cannot be enlisted to aid in breaching the contract. In either event, therefore, the primary purpose of restraining arbitration fails for want of an equitable showing. Can the secondary purpose of forcing the defendant to litigate in North Carolina be accomplished by injunction?

The plaintiff has been paid in full for its goods. It asserts no claim, except that the Court should stop the arbitration and require the defendant to come into the Superior Court of Davidson County and litigate its claim for damages for the alleged breach of warranty. The defendant is the party who asserts the claim, and the only party claiming damage. The defendant alone has the right to elect whether to bring suit. The right to sue involves the right to select the time, the place, and the tribunal. If suit is brought in the wrong jurisdiction, the remedy is a motion to dismiss; if in the wrong venue, a motion to remove. If the suit is brought in the proper jurisdiction and in the correct venue, the plaintiff will have ample time and opportunity to appear, answer, and defend. Courts will not grant the equitable relief of injunction when there is an adequate remedy at law. *Arey v. Lemons*, 232 N.C. 531, 61 S.E. 2d 596; *Clinton v. Ross*, 226 N.C. 682, 40 S.E. 2d 593; *Newton v. Chason*, 225 N.C. 204, 34 S.E. 2d 70.

The defendant's motion to dissolve the restraining order and dismiss the action should have been allowed. The order appealed from is

Reversed.

JOHNSON, J., not sitting.