IN THE MATTER OF THE CUSTODY OF CATHY CANDICE DAVIS AND KAREN JILL DAVIS.

(Filed 21 May, 1958.)

**1. Courts § 1—**
    Where a motion for a bill of *quia timet* is made to enjoin defendant

from litigating the matter in another court, an adjudication solely that plaintiff would not be bound by any order which such other court might render in the premises constitutes a mere advisory opinion and is erroneous, it being no part of the function of the courts to give advisory opinions or to answer moot questions.

**2. Appeal and Error § 2—**

While ordinarily questions not determinative of the appeal will not be decided, when a question of pure law is in controversy, the Supreme Court may, in the exercise of its supervisory jurisdiction, determine the question in order to avoid protraction of the litigation.

**3. Injunctions § 2—**

Ordinarily, an injunction will not be granted where there is a full, adequate and complete remedy at law, which is as practical and efficient as is the equitable remedy.

**4. Courts § 2—**

If a court finds at any stage of the proceedings that it is without jurisdiction, it is its duty to take proper notice of the defect, and stay, quash or dismiss the suit.

**5. Injunctions § 4g—**

Order was issued in the superior court of one county adjudicating the right to custody of the children of the parties. Thereafter, defendant instituted proceedings in the domestic relations court in another county for modification or change of the decree. Plaintiff moved in the first action for a bill of *quia timet* to restrain defendant from prosecuting the action in the domestic relations court. *Held:* An adequate legal remedy is available to plaintiff by motion in the domestic relations court to dismiss the proceeding if that court is without jurisdiction, and therefore the remedy of injunction will not lie. Neither a bill of peace nor a bill of *quia timet* applies to the factual situation in this case.

APPEAL by Mrs. Barbara R. Davis from *Hall, J.,* 15 October 1957 Civil Term of DURHAM.

On 17 July 1957 Charles R. Davis and his wife, Barbara R. Davis, were living in a state of separation, without being divorced. They had two children born of the marriage: Cathy Candice Davis aged four years and Karen Jill Davis two years old. Charles R. Davis was residing in Durham, and Barbara R. Davis was residing with the two children in Charlotte. On that date Charles R. Davis, pursuant to the provisions of G. S. 17-39, filed a petition requesting the issuance of a writ of *habeas corpus* to determine the custody of Cathy Candice Davis and Karen Jill Davis, addressed to the Honorable Clarence W. Hall, Resident Judge of the Fourteenth District—the Durham District.

On the same day Judge Hall issued a writ of *habeas corpus,* addressed to the Sheriff of Mecklenburg County and Barbara R. Davis, commanding them to have Cathy Candice Davis and Karan Jill Davis before him in the Superior Court courtroom in Durham at 10:00 o'clock

a. m. on 30 July 1957, there to receive, abide by and perform such orders as may be made by him.

Judge Hall heard the matter in the courtroom in Durham on 30 and 31 July 1957. Charles R. Davis and Barbara R. Davis and the children were present in person, and each parent was represented by counsel. After hearing the parties at length Judge Hall on 31 July 1957 entered an order awarding the custody of the two children to the mother, but providing in the order that the father should have the children one week out of each calendar month. No appeal was taken.

On 30 September 1957 Barbara R. Davis filed a petition with the Domestic Relations Court of Charlotte, in which she stated the substance of Judge Hall's order, and then alleged that when Charles R. Davis returned the two children to her on 10 August 1957 and on 14 September 1957 from a one-week visitation with him, the children were sick and upset, and required immediate medical attention. She prayed that the court inquire into the matter, and, for the best interests of the children, abolish the provision in Judge Hall's order that Charles R. Davis shall have the children one week out of each calendar month.

On 8 October 1957 counsel for Charles R. Davis, filed in the Superior Court of Durham County a motion for a bill *quia timet*, in which he alleges that a copy of the petition filed by Barbara R. Davis with the Domestic Relations Court of Charlotte was served on him on 3 October 1957, and prays that the court issue an order restraining Barbara R. Davis, her counsel, and the Judge of the Domestic Relations Court of Charlotte from hearing the matter until the same can be heard in the Superior Court of Durham County on 15 October 1957 before Judge William Y. Bickett, who was presiding over the October Civil Term 1957 of Durham Superior Court. On the same day Judge Bickett signed an order commanding Barbara R. Davis to appear before him on 15 October 1957, and ordering that Barbara R. Davis, and her counsel, be restrained from a hearing of the petition addressed to the Domestic Relations Court of Charlotte, until the motion for a bill *quia timet* can be heard.

Judge Clarence W. Hall was presiding over Durham Superior Court on 15 October 1957. On that date Charles R. Davis, and his counsel, and Barbara R. Davis, and her counsel, agreed that the motion for a bill *quia timet*, which Judge Bickett had made returnable before him on that date, should be heard by Judge Hall. Upon the hearing Judge Hall made what his order calls findings of fact to this effect: Charles R. Davis is not required to appear before the Domestic Relations Court of the city of Charlotte on the 16th of October, or any other

date, pursuant to the notice and petition heretofore served on him, as that court is without jurisdiction to hear and pass on the petition filed with it by Barbara R. Davis, and that the Superior Court of Durham County is the only and proper jurisdiction to pass upon the custody of the children by virtue of the order signed by him on 31 July 1957. Whereupon, Judge Hall adjudged that "Charles R. Davis shall not be bound by any order of the Domestic Relations Court of the city of Charlotte in Mecklenburg County respecting the custody of Cathy Candice Davis and Karen Jill Davis, minors, from this date forward."

From Judge Hall's judgment on 15 October 1957 Barbara R. Davis appeals.

*William W. White, Jr., for Barbara R. Davis, appellant.*
*Blackwell M. Brogden for Charles R. Davis, appellee.*

PARKER, J.   It is by no means certain that the Domestic Relations Court of the city of Charlotte will ever make any order respecting the custody of the two infant daughters of Charles R. Davis. Judge Hall in his order of 15 October 1957 did not restrain Barbara R. Davis, her counsel, and the Judge of the Domestic Relations Court of the city of Charlotte from hearing the petition of Barbara R. Davis, but made what his order calls findings of fact, and merely rendered an advisory opinion that "Charles R. Davis shall not be bound by any order of the Domestic Relations Court of the city of Charlotte in Mecklenburg County respecting the custody of Cathy Candice Davis and Karen Jill Davis, minors, from this date forward." In rendering this advisory opinion, Judge Hall committed error.

This Court said in *Poore v. Poore*, 201 N.C. 791, 161 S.E. 532: "It is no part of the function of the courts, in the exercise of the judicial power vested in them by the Constitution, to give advisory opinions, or to answer moot questions, or to maintain a legal bureau for those who may chance to be interested, for the time being, in the pursuit of some academic matter."

To find that Judge Hall committed error in rendering an advisory opinion, without more, would leave the crucial question of whether the Judge of the Superior Court of Durham County should restrain Barbara R. Davis, her counsel, and the Judge of the Domestic Relations Court of the city of Charlotte from hearing her petition filed with it unsettled, and would, probably, result in an effort by Charles R. Davis in the Superior Court of Durham County to obtain an injunction, as requested in his bill *quia timet*. Ordinarily, questions not determinative of the appeal are not decided, but in this instance

we feel justified in expressing our opinion under the facts here. It is a pure question of law. For a similar procedure on our part see *DeBruhl v. Highway Commission,* 245 N.C. 139, 95 S.E. 2d 553.

This Court said in *Hardware Co. v. Cotton Co.,* 188 N.C. 442, 124 S.E. 756: "There is a bill known as *quia timet.* 'A bill *quia timet* is in the nature of a writ of prevention and is entertained as a measure of precaution, justice, and to forestall wrongs or anticipated mischiefs, as where a guardian or other trustee is squandering an estate, or where one in possession of property which another unjustly claims is likely to lose the evidence of his title by delay in asserting and testing the hostile claim. *Bailey v. Briggs,* 56 N.Y. 407, 415.' Words and Phrases, p. 452. *Fittichauer v. Metropolitan Fire Proofing Co.,* 61 Atl., 746, 748, 70 N.J. Eq., 429."

McIntosh's N. C. Practice and Procedure, 2d Ed., Sec. 2470, states: "Bills *quia timet* were known in the old equity practice as a preventive remedy, so named from the fear of the party that future probable injury might be done to his rights in property. It was distinguished from a bill of peace by the purpose in view, the bill of peace being to prevent vexatious litigation, and a bill *quia timet to* prevent future litigation by removing existing causes or difficulties. Two forms of this bill were used to preserve evidence, and a third to quiet title by removing a cloud which might affect it." Sections 2471, 2472, 2473 and 2474 of McIntosh's work discuss the use of this bill to preserve evidence, to quiet title, and statutory changes. See also 30 C.J.S., Equity, p. 363, as to bills *quia timet.*

A bill *quia timet* does not apply to a factual situation such as we have here.

There is an equitable remedy known as a bill of peace to prevent vexatious litigation and a multiplicity of suits, but under the facts here such a bill has no application. *Hardware Co. v. Cotton Co., supra;* 19 Am. Jur., Equity, Sec. 81, entitled "Repeated or Continuing Wrongs; Bill of Peace."; McIntosh, Ibid, Sec. 2469.

Charles R. Davis, by what he calls a bill *quia timet,* seeks to restrain Barbara R. Davis, her counsel, and the Judge of the Domestic Relations Court of the city of Charlotte from hearing the petition filed in that court by her, on the ground that court has no jurisdiction to pass on the question of the custody of his children by reason of Judge Hall's order of 31 July 1957.

Ordinarily, an injunction will not be granted where there is a full, adequate and complete remedy at law, which is as practical and efficient as is the equitable remedy. *Whitford v. Bank,* 207 N.C. 229, 176 S.E. 740; *Clinton v. Ross,* 226 N.C. 682, 40 S.E. 2d 593; *Armstrong v. Armstrong,* 230 N.C. 201, 52 S.E. 2d 362; *Cotton Mills Co. v. Duplan*

*Corp.,* 245 N.C. 496, 96 S.E. 2d 267; 43 C.J.S., Injunctions, pp. 450-453.

If a court finds at any stage of the proceedings, that it is without jurisdiction, it is its duty to take proper notice of the defect, and stay, quash or dismiss the suit. *Henderson County v. Smyth,* 216 N.C. 421, 5 S.E. 2d 136; 21 C.J.S., Courts, p. 176. "This is necessary, to prevent the court from being forced into an act of usurpation, and compelled to give a void judgment. . . . So, *ex necessitate,* the court may, on plea, suggestion, motion, or *ex mero motu,* where the defect of jurisdiction is apparent, stop the proceeding." *Branch v. Houston,* 44 N.C. 85.

Charles R. Davis, if his position is sound that the Domestic Relations Court of the city of Charlotte has no jurisdiction, is not entitled to the equitable relief of an injunction as prayed for in his motion, for the simple reason that he has a full, adequate and complete remedy at law, which is as practical and efficient and as prompt in its administration as an injunction, by making a motion in the Domestic Relations Court of the city of Charlotte to dismiss the petition filed in that court by Barbara R. Davis for lack of jurisdiction.

The appellee Charles R. Davis will be taxed with the costs.

Error.