IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA16-80

Filed: 18 April 2017

Union County, No. 15 CVS 1449

PROVIDENCE VOLUNTEER FIRE DEPARTMENT, a North Carolina non-profit corporation, Plaintiff,

v.

THE TOWN OF WEDDINGTON, a North Carolina municipal corporation, Defendant.

Appeal by Defendant from orders entered 25 August 2015 by Judge W. David Lee in Union County Superior Court. Heard in the Court of Appeals 9 August 2016.

*The Duggan Law Firm, PC, by Christopher Duggan, Henderson, Nystrom, Fletcher & Tydings, by Robert E. Henderson and John Fletcher, for Plaintiff-Appellee.*

*Parker Poe Adams & Bernstein, LLP, by Anthony Fox and Benjamin R. Sullivan, for Defendant-Appellant.*

INMAN, Judge.

A municipality's motion to dismiss a tort claim based on governmental immunity is properly denied when the motion does not refute a verified complaint alleging that the tort occurred when the municipality was engaged in a proprietary function. A preliminary injunction is inappropriate where a plaintiff has filed a notice of *lis pendens*, thereby securing a full, adequate, and complete remedy at law.

Providence Volunteer Fire Department, Inc. ("Plaintiff" or "Providence") owned a fire station in Union County that needed substantial and cost prohibitive repairs and improvements. Providence agreed to convey the fire station to the Town of Weddington ("Defendant" or the "Town") in exchange for the Town's agreement to pay for repairs and improvements. The Town also agreed to lease the improved fire station back to Providence and to continue to pay for fire suppression and emergency medical services from Providence for ten years. After the conveyance and completion of repairs, the Town terminated its relationship with Providence and leased the fire station to another fire department. Providence filed a law suit against the Town for breach of contract, fraud, and unfair and deceptive trade practices and filed a notice of *lis pendens* in Union County Superior Court.

The Town appeals from orders (1) granting a motion by Providence to amend its complaint, (2) denying in part its motion to dismiss Providence's tort claims based on governmental immunity, and (3) granting Providence's motion for a preliminary injunction. After careful review, we reverse the order granting injunctive relieve and otherwise affirm the trial court.

**Factual Background**

From 1954 to 2012, Providence provided fire protection service to the Town and the surrounding areas in Union and Mecklenburg counties. In May 2012, the Town Council passed a resolution establishing a Municipal Fire District and taking

responsibility for overseeing and funding this new district. To do so, the Town raised taxes and entered into various agreements with Providence and two other area fire departments, the Wesley Chapel Volunteer Fire Department and the Stallings Fire Department.

At the heart of this action is a series of agreements between Providence and the Town stemming from the creation of the new fire district. In October 2013, Providence and the Town entered into an Interlocal Agreement, which contemplated, *inter alia*, that the Town would invest approximately one million dollars in repairs and improvements to the Hemby Road fire station owned by Providence, and in exchange, Providence would convey the fire station and the land upon which it rests (the "Property") to the Town. In addition to the Interlocal Agreement, the parties entered into a Fire Suppression Agreement (the "Suppression Agreement"), which designated Providence as the Town's primary fire protection and emergency medical service provider for ten years.

The Suppression Agreement provided that after the first year of the ten-year term, the amount of compensation paid to Providence would be "established during the Town's annual budget process." Either party could terminate the Suppression Agreement for cause, but if the Town terminated the agreement without cause, it was obligated to pay liquidated damages to Providence:

> If this Agreement is terminated by the Town for a reason
> other than cause or mutual agreement of the parties, the

> Department shall be entitled to $750,000 as liquidated damages. . . . Such liquidated damages shall be the sole and exclusive remedy of the Department by reason of a default by Town under this Agreement, and the Department hereby waives and releases any right to sue Town, and hereby covenants not to sue Town, for specific performance of this Agreement or to prove that the Department's actual damages exceed the amount which is herein provided the department as full liquidated damages.

Almost a year later after executing the Interlocal Agreement and the Suppression Agreement, in August 2014, Providence conveyed the Property by deed[1] and the parties entered into a third agreement (the "Lease Agreement") providing that the Town would lease the Property to Providence for the same ten-year period as the term of the Suppression Agreement. The Lease Agreement also provided that if the Suppression Agreement were terminated early, the Lease Agreement would be terminated at the same time.

During the year following the Interlocal and Suppression Agreements and preceding the Lease Agreement, several new Town Council members were elected. Providence alleges that the new Town Council members opposed the first two agreements and that the new council members' acts and omissions fraudulently induced Providence to convey the Property to the Town through the Lease Agreement.

---

[1] The deed is not included in the record on appeal, but the Second Verified Amended Complaint alleges that the agreement in which the Town purchased and leased back the Property was executed on 19 August 2014.

In February 2015, Providence projected a deficit of approximately $70,000 in its operations budget and requested increased funding from the Town in order to meet its obligations to provide fire suppression and emergency medical services according to the standards required by the Suppression Agreement. On 15 April 2015, the Town notified Providence that unless it could provide documents and information confirming that it would be able to meet its performance obligations without increased funding, the Town intended to terminate the Suppression Agreement for cause. Providence responded with a revised operating budget and other documents. The Town Council reviewed the documents and voted to terminate the Suppression Agreement. On 29 April 2015, the Town notified Providence that it was terminating the Suppression Agreement for cause, effective 29 July 2015, because Providence had failed to provide adequate assurances that it could meet its ongoing and future obligations; the Lease Agreement also would terminate on that date.

The Town then contracted with the Wesley Chapel Volunteer Fire Department ("Wesley Chapel") as its new primary fire service provider to begin on 29 July 2015. The Town and Wesley Chapel signed an agreement requiring Wesley Chapel to use the Hemby Road fire station and containing a lease for the Property. The agreement also provided an option for Wesley Chapel to purchase the Property from the Town for $750,000.

**Procedural Background**

On 4 June 2015, Providence filed a complaint alleging that the Town breached the Suppression Agreement and seeking $750,000 in liquidated damages. On 10 July 2015, Providence filed a First Verified Amended Complaint, which added claims for fraud in the inducement and unfair and deceptive trade practices. On the same day, Providence filed a notice of *lis pendens* on the Property.

The Town on 17 July 2015 filed a motion for a preliminary injunction seeking to force Providence to surrender possession of the fire station. The trial court granted the motion and ordered Providence to vacate the Property and enjoined Providence from obstructing or interfering with the Property's use, occupancy, or possession by the Town or the Town's designees.

On 27 July 2015, Providence filed a motion for a temporary restraining order and a preliminary injunction seeking to prevent the Town from selling, transferring, or conveying the Property or any interest therein. The trial court granted Providence's request for a temporary restraining order on 29 July 2015.

The Town filed a motion to dismiss Providence's tort claims on 29 July 2015, asserting complete governmental immunity. On 6 August 2015, Providence filed a motion to amend the First Verified Amended Complaint.

The trial court granted Providence's motion to amend and Providence filed its Second Verified Amended Complaint on 27 August 2015. The trial court granted the

Town's motion to dismiss Providence's unfair and deceptive trade practices claim but denied the Town's motion to dismiss Providence's fraud claim.

The Town filed a notice of appeal from the orders denying its motion to dismiss the fraud claim, granting Providence's motion to amend, and granting Providence's motion for a preliminary injunction.

## Analysis

### I. Appellate Jurisdiction

As an initial matter, we address Providence's motion to dismiss the Town's appeal as interlocutory. Because the Town is appealing the trial court's denial of its motion to dismiss based in part on a challenge to personal jurisdiction, we hold that it is properly before us.

The North Carolina Supreme Court has not directly addressed whether governmental immunity is an issue of personal jurisdiction or subject matter jurisdiction, and consequently whether an appeal of a denial of immunity should be reviewed either as a challenge to personal jurisdiction or subject matter jurisdiction. However, this Court has classified the issue as one of personal jurisdiction, which permits an immediate appeal. *See, e.g., Can Am S., LLC v. State*, 234 N.C. App. 119, 123-24, 759 S.E.2d 304, 308 (2014) ("[B]eginning with *Sides v. Hosp.*, 22 N.C. App. 117, 205 S.E.2d 784 (1974), *mod. on other grounds*, 287 N.C. 14, 213 S.E.2d 297 (1975), this Court has consistently held that: (1) the defense of sovereign immunity

presents a question of personal, not subject matter jurisdiction, and (2) denial of Rule 12(b)(2) motions premised on sovereign immunity are sufficient to trigger immediate appeal under section 1-277(b)."); *Data Gen. Corp. v. Cnty. of Durham*, 143 N.C. App. 97, 100, 545 S.E.2d 243, 245-46 (2001) ("[A]n appeal of a motion to dismiss based on sovereign immunity presents a question of personal jurisdiction rather than subject matter jurisdiction, and is therefore immediately appealable.") (citations omitted).

The Town asserts, citing *Church v. Carter*, 94 N.C. App. 286, 288, 380 S.E.2d 167, 168 (1989), and N.C. Gen. Stat. § 1-75.4 (2015), that because subject matter jurisdiction is a prerequisite to personal jurisdiction, our Court may properly review a challenge to subject matter jurisdiction when there was an accompanying challenge to personal jurisdiction. *Church*, 94 N.C. App. at 288, 380 S.E.2d at 168 (holding that when a defendant challenges both subject matter jurisdiction and personal jurisdiction, the court was required to "decide the issue [the defendant] ha[d] raised concerning subject matter jurisdiction"). The Town's argument overlooks the difference in the nature of the Rule 12(b)(1) challenges at issue in *Church* and in the present case. In *Church*, the defendant's motion to dismiss for lack of subject matter jurisdiction was not based on sovereign immunity, but rather on the defendant's status as a non-North Carolina entity. *Id.* Here, the Town's motion to dismiss for lack of subject matter jurisdiction is based on governmental immunity.

In *Can Am*, our Court denied a defendant's appeal asserting sovereign immunity as an issue of subject matter jurisdiction as interlocutory, while granting the defendant's appeal of the lower court's denial of the defendant's motion to dismiss for sovereign immunity as an issue of personal jurisdiction. 234 N.C. App. at 124, 759 S.E.2d at 308. This case presents a procedural posture in line with that of *Can Am*. Because governmental immunity has traditionally been recognized as an issue of personal jurisdiction and not subject matter jurisdiction, we grant Providence's motion to dismiss the Town's appeal under Rule 12(b)(1) (subject matter jurisdiction) and deny Providence's motion to dismiss the Town's appeal under Rule 12(b)(2) (personal jurisdiction).

The remainder of the Town's appeal—challenging the denial of the motion to dismiss based on Rule 12(b)(6) and the orders allowing Providence to amend its complaint and imposing a preliminary injunction—raises issues that generally are not subject to interlocutory review. We agree that the Town's appeal based upon substantive defenses other than governmental immunity do not affect a substantial right. However, in our discretion, because all of the remaining issues appealed are closely interrelated, we choose to address the Town's additional arguments to avoid "fragmentary appeals." *RPR & Assocs., Inc. v. State*, 139 N.C. App. 525, 530-31, 534 S.E.2d 247, 251-52 (2000) (choosing to address the defendant's additional question on appeal, despite its interlocutory nature, noting "to address but one interlocutory or

related issue would create fragmentary appeals"). We first address the Town's appeal from the trial court's order allowing a motion by Providence to file a Second Verified Amended Complaint because that amendment is ultimately dispositive of the Town's motion to dismiss the tort claims.

## II. Motion to Amend

The Town asserts that the trial court erred in granting Providence's motion to amend its complaint. We disagree.

We review a trial court's decision on a motion to amend the pleadings for abuse of discretion. *Williams v. Owens*, 211 N.C. App. 393, 394, 712 S.E.2d 359, 360 (2011) (citation omitted). "An abuse of discretion occurs when the trial court's ruling is so arbitrary that it could not have been the result of a reasoned decision." *Warren v. Gen. Motors Corp.*, 142 N.C. App. 316, 319, 542 S.E.2d 317, 319 (2001) (internal quotation marks and citations omitted).

"The party opposing the amendment has the burden to establish that it would be prejudiced by the amendment." *Carter v. Rockingham Cnty. Bd. of Educ.*, 158 N.C. App. 687, 690, 582 S.E.2d 69, 72 (2003) (citations omitted). "Reasons justifying denial of an amendment are (a) undue delay, (b) bad faith, (c) undue prejudice, (d) futility of amendment, and (e) repeated failure to cure defects by previous amendments." *Martin v. Hare*, 78 N.C. App. 358, 361, 337 S.E.2d 632, 634 (1985) (citations omitted).

Here, the Town challenges the order allowing Providence's motion to amend because counsel for Providence has admitted that it had no factual basis for alleging waiver of governmental immunity through the purchase of liability insurance and had not conducted any inquiry into the matter. As discussed *infra*, Providence concedes this issue; however, even with this concession, the record before us does not establish that the trial court abused its discretion in allowing the motion to amend. We therefore affirm the trial court.

Because the Town's 12(b)(6) motion to dismiss was based primarily on Providence's First Verified Amended Complaint and we hold that the trial court did not err in allowing Providence to amend its complaint, the Town's 12(b)(6) motion to dismiss was properly denied. Additionally, we hold that the trial court properly denied the motion to the extent that the Town's argument was applicable to Providence's Second Verified Amended Complaint. As discussed *infra*, the Second Verified Amended Complaint alleged alternative grounds upon which governmental immunity was unavailable beyond waiver by purchase of liability insurance and to which the Town did not adequately respond in its initial motion to dismiss or accompanying affidavit. Therefore, the trial court was proper in denying the Town's motion to dismiss based on Rule 12(b)(6).

**III.  Governmental Immunity**

The Town argues that the trial court erred by denying its motion to dismiss the fraud claim based on governmental immunity because (1) the Town was acting in its governmental capacity when it entered into the agreements, (2) waiver of immunity through contractual agreement does not waive immunity as to tort claims that may arise out of the contract, and (3) the Town did not have insurance to cover such claims. We disagree.

Because we hold that the trial court did not abuse its discretion in allowing Providence's motion to amend, the Second Verified Amended Complaint, verified under oath by Jack E. Parks, Jr., President of the Providence Volunteer Fire Department, was properly before the trial court as a source of evidence. The trial court, therefore, was permitted to consider its weight and credibility, along with the weight and credibility of the affidavit of Peggy Piontek, the Town Clerk of Weddington, submitted by the Town in support of its motion to dismiss.

*A. Standard of Review*

"The standard of review of an order determining personal jurisdiction is whether the findings of fact by the trial court are supported by competent evidence in the record; if so, this Court must affirm the order of the trial court." *Replacements, Ltd v. MidweSterling*, 133 N.C. App. 139, 140-41, 515 S.E.2d 46, 48 (1999) (citations omitted). However, our review is also "depend[ent] upon the procedural context confronting the court." *Banc of Am. Secs. LLC v. Evergreen Int'l Aviation, Inc.*, 169

N.C. App. 690, 693, 611 S.E.2d 179, 182 (2005). Three procedural postures are typical: "(1) the defendant makes a motion to dismiss without submitting any opposing evidence; (2) the defendant supports its motion to dismiss with affidavits, but the plaintiff does not file any opposing evidence; or (3) both the defendant and the plaintiff submit affidavits addressing the personal jurisdiction issues." *Id.*

In this first category where neither party submits evidence, "[t]he allegations of the complaint must disclose jurisdiction although the particulars of jurisdiction need not be alleged." *Bruggeman v. Meditrust Acquisition Co.*, 138 N.C. App. 612, 615, 532 S.E.2d 215, 217 (2000) (citations omitted). If, however, the defendant submits supportive evidence—for example an affidavit—along with the motion to dismiss, the complaint's allegations "can no longer be taken as true or controlling and [the] plaintiff[] cannot rest on the allegations of the complaint." *Id.* at 615-16, 532 S.E.2d at 218 (citation omitted). In this instance, the court must consider "(1) any allegations in the complaint that are not controverted by the defendant's affidavit and (2) all facts in the affidavit (which are uncontroverted because of the plaintiff's failure to offer evidence)." *Banc of Am.*, 169 N.C. App. at 693-94, 611 S.E.2d at 182-83 (citations omitted).

In the third category, when the parties submit competing evidence—such as affidavits or an affidavit and a verified complaint[2]—"the court may hear the matter on affidavits presented by the respective parties, but the court may direct that the matter be heard wholly or partly on oral testimony or depositions." N.C. R. Civ. P. 43(e) (2015); *see also Bruggeman*, 138 N.C. App. at 615, 532 S.E.2d at 217 ("If the exercise of personal jurisdiction is challenged by a defendant, a trial court may hold an evidentiary hearing including oral testimony or depositions or may decide the matter based on affidavits.") (citation omitted). When the trial court decides the motion on affidavits, "[t]he trial judge must determine the weight and sufficiency of the evidence [presented in the affidavits] much as a juror." *Fungaroli v. Fungaroli*, 51 N.C. App. 363, 367, 276 S.E.2d 521, 524 (1981). Even when the trial court is required to weigh evidence, it is not required to make findings of fact unless requested by a party when deciding a motion to dismiss. N.C. R. Civ. P. 52(e) (2015). When the record contains no findings of fact, "it will be presumed that the judge, upon proper evidence, found facts sufficient to support his ruling." *Cameron-Brown Co. v. Daves*, 83 N.C. App. 281, 285, 350 S.E.2d 111, 114 (1986) (citation omitted). "Where such presumed findings are supported by competent evidence, they are deemed conclusive

---

[2] "A verified complaint may be treated as an affidavit if it (1) is made on personal knowledge, (2) sets forth such facts as would be admissible in evidence, and (3) shows affirmatively that the affiant is competent to testify to the matters stated therein." *Page v. Sloan*, 281 N.C. 697, 705, 190 S.E.2d 189, 194 (1972) (citations omitted).

on appeal, despite the existence of evidence to the contrary." *Data Gen.*, 143 N.C. App. at 101, 545 S.E.2d at 246.

In order to deny the Town's motion to dismiss based on governmental immunity, the trial court presumably determined that the Town was precluded from its governmental immunity defense by one of the three following alternatives: (1) acting in a proprietary capacity, (2) entering into a valid contract thereby implicitly waiving immunity, or (3) purchasing liability insurance.

*B. Proprietary Function*

Providence's primary contention on appeal is that the Town was engaged in a proprietary function when the parties entered into the series of agreements, particularly the Lease Agreement and the Interlocal Agreement, so that governmental immunity does not shield the Town from suit for torts related to those agreements.

Whether an entity is entitled to governmental immunity can turn on whether its alleged tortious conduct arose out of an activity that was governmental or proprietary in nature. *Estate of Williams v. Pasquotank Cnty. Parks & Recreation Dep't*, 366 N.C. 195, 199, 732 S.E.2d 137, 141 (2012) (reviewing the Court of Appeals analysis of whether a county's operation of a swimming hole was governmental or proprietary in nature). A governmental function has long been held as an activity that is "discretionary, political, legislative, or public in nature and performed for the

public good in behalf of the State rather than for itself." *Britt v. City of Wilmington*, 236 N.C. 446, 450, 73 S.E.2d 289, 293 (1952). Conversely, a proprietary function is one that is "commercial or chiefly for the private advantage of the compact community." *Id.* (citations omitted). The reason for this distinction is that "[w]hen a municipality is acting 'in behalf of the State' in promoting or protecting the health, safety, security or general welfare of its citizens, it is an agency of the sovereign. When it engages in a public enterprise essentially for the benefit of the compact community, it is acting within its proprietary powers." *Id.* at 450-51, 73 S.E.2d at 293.

Our Supreme Court recently provided guidance on this often difficult and fact determinative distinction. In *Williams*, the Court laid out a three-step procedure with "the threshold inquiry" being "whether, and to what degree, the legislature has addressed the issue." 366 N.C. at 200, 732 S.E.2d at 141-42. This determination "turns on the facts alleged in the complaint." *Id.* at 201, 732 S.E.2d at 143. The Court remanded the case in *Williams* to this Court with instructions for further remand to the trial court "for detailed consideration of the degree of effect, if any, of section 160A-351," the policy provision of the Recreation Enabling Law providing that recreation is a governmental function, had on whether the defendant's operation of a swimming hole was a governmental or a proprietary endeavor. *Id.*

The Court in *Williams* addressed additional considerations necessary when the legislature has not specifically commented on the function to aid in a court's determination of the nature of an activity. *Williams*, 366 N.C. at 202, 732 S.E.2d at 142. "[W]hen an activity has not been designated as governmental or proprietary by the legislature, that activity is necessarily governmental in nature when it can only be provided by a governmental agency or instrumentality." *Id.* If, however, as is increasingly more often the case, the activity may be performed both privately and publicly, "the inquiry involves consideration of a number of additional factors, of which no single factor is dispositive." *Id.* at 202, 732 S.E.2d at 143. The Court concluded that "[r]elevant to this inquiry is whether the service is traditionally a service provided by a governmental entity, whether a substantial fee is charged for the service provided, and whether that fee does more than simply cover the operating costs of the service provider." *Id.* at 202-03, 732 S.E.2d at 143. Ultimately, "the proper designation of a particular action of a county or municipality is a fact intensive inquiry, turning on the facts alleged in the complaint, and may differ from case to case." *Id.* at 203, 732 S.E.2d at 143.

The Town's motion to dismiss, but not its supporting affidavit, refutes a theory of waiver based on proprietary activity underlying the alleged fraud. We therefore consider whether the complaint contains sufficient allegations to support the court's

exercise of jurisdiction on this basis. After a careful review of the pleadings, we hold that it does.

Because the trial court did not abuse its discretion in allowing Providence's motion to amend, the Second Verified Amended Complaint controls our review. The Second Verified Amended Complaint alleges that "[t]he Town's function in entering into the purchase agreement with lease back dated August 19, 2014 . . . with the Plaintiff is proprietary in nature and as such the Town can be sued by the Plaintiff for the causes of action stated herein." This allegation was unchallenged by the Town through any evidence submitted in support of its motion. Therefore, we are required to take this allegation as true. The allegation is sufficient to support the trial court's presumed finding that the Town was not entitled to immunity because it was performing a proprietary function. Accordingly, we hold that the trial court did not err in denying the Town's motion to dismiss.

In affirming the trial court's denial of the Town's motion to dismiss based upon the theory of proprietary activity, we emphasize that our holding addresses only the sufficiency of the allegations in the Second Verified Amended Complaint that were not controverted by any evidence produced by the Town.

On remand should the trial court, at a subsequent procedural posture, base its jurisdiction over the Town on the ground that the Town was acting in a proprietary

function when it entered into the agreements, the trial court must adhere to the guidance provided by this opinion and the Supreme Court's precedent.

## C. Waiver by Contract

Providence also asserts that the Town waived its immunity by entering into a valid contract, and based on this waiver, the trial court's denial of the Town's motion to dismiss was proper. Providence relies on two decisions by our Supreme Court, *Smith v. State*, 289 N.C. 303, 222 S.E.2d 412 (1976), and *Ports Authority v. Fry Roofing Co.*, 294 N.C. 73, 82, 240 S.E.2d 345 (1978), *rejected on other grounds by Trustees of Rowan Technical College v. J. Hyatt Hammond Associates, Inc.*, 313 N.C. 230, 328 S.E.2d 274 (1985), to extend the principles of waiver of governmental immunity by contract to tort claims arising out of a particular contract—we disagree.

The Supreme Court held in *Smith* that "whenever the State of North Carolina, through its authorized officers and agencies, enters into a valid contract, the State implicitly consents to be sued for damages on the contract in the event it breaches the contract." *Smith*, 289 N.C. at 320, 222 S.E.2d at 423-24. *Smith* involved only a breach of contract claim. *Id.* at 307-08, 222 S.E.2d at 415-16. Its holding has not been extended to tort claims against a government entity. *See Dickens v. Thorne*, 110 N.C. App. 39, 47, 429 S.E.2d 176, 181 (1993) (rejecting the argument that an employee's employment contract with a county was sufficient to trigger a waiver of

governmental immunity for tort liability on a libel claim because the complaint was not based on a breach of contract).

*Ports Authority* established that a tort claim may arise out of a breach of contract in the following instances:

> (1)   The injury, proximately caused by the promisor's negligent act or omission in the performance of his contract, was an injury to the person or property of someone other than the promisee.
>
> (2)   The injury, proximately caused by the promisor's negligent, or wilful[sic], act or omission in the performance of his contract, was to property of the promisee other than the property which was the subject of the contract, or was a personal injury to the promisee.
>
> (3)   The injury, proximately caused by the promisor's negligent, or wilful[sic], act or omission in the performance of his contract, was loss of or damage to the promisee's property, which was the subject of the contract, the promisor being charged by law, as a matter of public policy, with the duty to use care in the safeguarding of the property from harm, as in the case of a common carrier, an innkeeper, or other bailee.
>
> (4)   The injury so caused was a wilful[sic] injury to or a conversion of the property of the promisee, which was the subject of the contract, by the promisor.

*Ports Authority*, 294 N.C. at 82, 240 S.E.2d at 350-51 (internal citations omitted).  But the holding is limited to the context of an applicable statute of limitations and does not address governmental immunity.  *Id.* at 81-86, 240 S.E.2d at 350-52.

Providence asks this Court to combine the principles delineated in *Smith* and *Ports Authority* to establish that the Town implicitly waived immunity against tort claims arising out of a breach of contract claim. Providence contends that because its claim of fraud in the inducement alleges a willful conversion of the Property, the claim arises out of the agreements and the Town implicitly waived its immunity to the fraud claim.

In light of *Dickens* and the lack of any precedent extending the holding of *Ports Authority* to a governmental immunity case, we decline to do so here. We therefore reject this theory of waiver asserted by Providence.

*D. Waiver by Insurance*

The parties dispute whether Providence's Second Verified Amended Complaint's allegation concerning the purchase of insurance was properly made on the basis of personal knowledge.

During oral argument before this Court, Providence's counsel conceded that he was not aware of any factual basis for the allegation in the Second Verified Amended Complaint that the Town had purchased liability insurance, thereby waiving its governmental immunity as to the fraud claim. Although the parties agree that this allegation was unsubstantiated, because we affirm the trial court's order on an alternative theory of wavier of governmental immunity, we decline to address the

Town's argument that an unfounded allegation contained in a verified complaint may not be used as evidence for the purposes of a motion to dismiss.

## IV. Preliminary Injunction

The Town argues that the trial court erred in granting Providence's motion for a preliminary injunction because Providence's filing of a *lis pendens* provided for an adequate remedy at law and Providence failed to establish a likelihood of success on the merits. We agree.

"A preliminary injunction is an interlocutory injunction which restrains a party pending trial on the merits." *N.C. Baptist Hosp. v. Novant Health, Inc.*, 195 N.C. App. 721, 724, 673 S.E.2d 794, 796 (2009) (citing *A.E.P. Industries, Inc. v. McClure*, 308 N.C. 393, 400, 302 S.E.2d 754, 759 (1983); N.C. Gen. Stat. § 1A-1, Rule 65 (2007)). "[O]n appeal from an order of superior court granting or denying a preliminary injunction, an appellate court is not bound by the findings, but may review and weigh the evidence and find facts for itself." *A.E.P.*, 308 N.C. at 402, 302 S.E.2d at 760 (citations omitted).

A preliminary injunction will be issued only "(1) if a plaintiff is able to show likelihood of success on the merits of his case and (2) if a plaintiff is likely to sustain irreparable loss unless the injunction is issued, or if, in the opinion of the Court, issuance is necessary for the protection of a plaintiff's rights during the course of litigation." *Ridge Cmty. Investors, Inc. v. Berry*, 293 N.C. 688, 701, 239 S.E.2d 566,

574 (1977) (emphasis omitted) (citations omitted). "Ordinarily, an injunction will not be granted where there is a full, adequate and complete remedy at law, which is as practical and efficient as is the equitable remedy." *City of Durham v. Public Serv. Co. of N.C., Inc.*, 257 N.C. 546, 557, 126 S.E.2d 315, 323-24 (1962) (citations omitted).

Our Supreme Court has held that the filing of a *lis pendens* provides "a full, complete and adequate remedy at law." *Whitford v. N.C. Joint Stock Land Bank of Durham*, 207 N.C. 229, 232, 176 S.E. 740, 742 (1934). The Court went on to note that "[b]y complying with these plain statutory provisions [regarding *lis pendens*] the plaintiffs can preserve every right they may have under their pleadings; and it is too well settled in this jurisdiction to require citations of authority that where there is a full, complete, and adequate remedy at law, the equitable remedy of injunction will not lie." *Id.* at 233, 176 S.E. at 742.

Here, the record is clear that Providence filed a notice of *lis pendens* on the Property. This provided constructive notice to any subsequent purchaser and binds him to "all proceedings taken after the cross-indexing of the notice to the same extent as if he were made a party to the action." N.C. Gen. Stat. § 1-118 (2015). Therefore, Providence was provided an adequate remedy at law and the issuance of the preliminary injunction was improper. Accordingly, we reverse the trial court's grant of Providence's motion for a preliminary injunction.

## Conclusion

For the above reasons, we affirm the trial court's order granting Providence's motion to amend and denying the Town's motion to dismiss based on governmental immunity pursuant to Rules 12(b)(2) and (6). We reverse the trial court's order granting Providence's motion for a preliminary injunction. We remand for further proceedings not inconsistent with this opinion.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED.

Judges BRYANT and TYSON concur.