Lexington Hous. Auth. v. Gerald, 2019 NCBC 65.

STATE OF NORTH CAROLINA

DAVIDSON COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
19 CVS 1036

LEXINGTON HOUSING
AUTHORITY,

      Plaintiff,

v.

TERRANCE GERALD and
HAVEN REDEVELOPMENT
GROUP, a North Carolina
Nonprofit Corporation,

      Defendants.

**ORDER AND OPINION ON
PLAINTIFF'S MOTION
TO DISMISS DEFENDANTS'
COUNTERCLAIMS**

1.     **THIS MATTER** is before the Court on Plaintiff Lexington Housing Authority's ("Plaintiff") Motion to Dismiss Defendants' Counterclaims (the "Motion") filed on August 6, 2019.  (ECF No. 13.)  The Motion, supported by a brief, (ECF No. 14), requests that the Court dismiss both of Defendant Terrance Gerald ("Mr. Gerald") and Haven Redevelopment Group, Inc.'s ("HRG") (collectively the "Defendants") counterclaims contained in Defendants' Answer, Affirmative Defenses and Counterclaims, (ECF No. 9), filed on July 10, 2019, pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(6) of the North Carolina Rules of Civil Procedure (the "Rule(s)").

2.     Defendants failed to file a response in opposition to the Motion.  As a result, and pursuant to Rule 7.6 of the North Carolina Business Court Rules ("BCR"), the Court evaluates the Motion as uncontested.  *See* BCR 7.6 ("If a party fails to file a

response within the time requested by this rule, the motion will be considered and decided as an uncontested motion.").

3. For the reasons set forth herein, the Court **GRANTS in part and DENIES in part** the Motion.

> *The Banks Law Firm, by Howard B. Rhodes, Sherrod Banks, and Dylan Hix, for Plaintiff Lexington Housing Authority.*
>
> *Sanford Holshouser LLP, by Brian L. Crawford, for Defendants Terrance Gerald and Haven Redevelopment Group.*

Robinson, Judge.

## I. INTRODUCTION[1]

4. This case arises in Davidson County and involves dealings between Plaintiff, a public housing authority created pursuant to Chapter 157 of the North Carolina General Statutes, and Defendants.

5. Plaintiff's principal place of business is in Davidson County, North Carolina. Plaintiff provides low- and moderate-income housing pursuant to state and federal regulations.

6. Mr. Gerald, a resident of Forsyth County, North Carolina, served as Plaintiff's Executive Director from November 15, 2010 until May 9, 2016.

7. HRG is a North Carolina nonprofit corporation with its principal place of business in Lexington, North Carolina. HRG, formerly known as the Lexington Housing Redevelopment Corporation, Inc., was created by Plaintiff on May 2, 2011 to

---

[1] The factual background contained herein is solely to provide context and a summary of this litigation. The Court does not consider facts outside the pleading in question on a motion to dismiss pursuant to Rule 12(b)(6).

serve as its nonprofit real estate development company. Mr. Gerald is HRG's Executive Director. Plaintiff appointed Mr. Gerald as HRG's Executive Director to carry out Plaintiff's purpose by engaging in new housing development projects.

8. The causes of action asserted by Plaintiff generally arise out of alleged wrongdoing by Mr. Gerald during the course of his employment with Plaintiff and through his control of HRG.

## II. PROCEDURAL BACKGROUND

9. The Court sets forth here only those portions of the procedural history relevant to its determination of the Motion.

10. The complaint initiating this matter (the "Complaint") was filed on May 8, 2019. (ECF No. 3.) On May 9, 2019, this action was designated as a mandatory complex business case, (ECF No. 1), and assigned to the undersigned by Order of the Chief Business Court Judge, (ECF No. 2).

11. Defendants filed their Answer, Affirmative Defenses and Counterclaims on July 10, 2019, asserting two causes of action[2] against Plaintiff (the "Counterclaims"). The Counterclaims are short. Verbatim they read as follows:

> NOW COMES (sic) THE DEFENDANTS in this Complaint (sic) to assert Counterclaims that are injurious to the Defendants (sic) ability to carry out its functions as an independent corporation
>
> COUNT I
> Tortious Interference with Contracts
>
> Plaintiff has known that the Defendant Corporation LHRDC/HRG are (sic) and have been separate corporations all along. Plaintiff is filing

---

[2] Based on the Court's reading of the two "Counts", it appears that the first counterclaim is brought by both Defendants and the second appears to be brought by Mr. Gerald individually.

this malicious lawsuit to exact revenge and or destroy Defendants (sic) operations. Filing this Lawsuit an (sic) asking for an Injunction (sic) is malicious and will cause harm to Defendants (sic) business operations.

## COUNT II
### Defamation as to Defendant Gerald

Plaintiff has continuously maligned the character of Defendant Gerald. Plaintiff and its agents have published and or provided false information to the Newspapers; referred to the prosecution criminal claims and otherwise accused him in this very complaint of unsavory and unethical activities. These actions were meant to harm and damage the professional reputation of Defendant Gerald.

12. Plaintiff filed the Motion on August 6, 2019, along with Plaintiff's Brief in Support of its Motion to Dismiss Defendants' Counterclaims. Defendants failed to file a brief in opposition to the Motion.

13. As permitted by BCR 7.4, the Court decides the Motion without oral argument.[3]

14. The Motion is ripe for resolution.

## III.   LEGAL STANDARD

15. Plaintiff seeks dismissal of the Counterclaims pursuant to Rules 12(b)(1), (b)(2), and (b)(6). In so doing, Plaintiff argues that the Court lacks subject matter jurisdiction over the Counterclaims and personal jurisdiction over Plaintiff because Plaintiff is a governmental entity and therefore immune from suit by Defendants. Alternatively, Plaintiff claims that even if the Court finds that Plaintiff is not immune from suit in this instance, the Counterclaims should nonetheless be

---

[3] Pursuant to BCR 7.4, "[t]he Court may rule on a motion without a hearing [and] [s]pecial considerations thought by counsel sufficient to warrant a hearing or oral argument may be brought to the Court's attention in the motion or response." Neither party requested a hearing on the Motion.

dismissed because they fail to properly state claims under existing North Carolina law.

16.    Plaintiff brings the Motion, as it relates to governmental immunity, pursuant to both Rules 12(b)(1) and 12(b)(2), presumably because of the lack of clarity from the North Carolina Supreme Court regarding whether governmental immunity is more properly raised as an issue of subject matter or personal jurisdiction. *Teachy v. Coble Dairies, Inc.*, 306 N.C. 324, 327–28, 293 S.E.2d 182, 184 (1982) (declining to address whether sovereign immunity should be brought as a Rule 12(b)(1) or Rule 12(b)(2) motion); *Providence Volunteer Fire Dep't v. Town of Weddington*, 253 N.C. App. 126, 131, 800 S.E.2d 425, 430 (2017) ("The North Carolina Supreme Court has not directly addressed whether governmental immunity is an issue of personal jurisdiction or subject matter jurisdiction[.]").  While the North Carolina Supreme Court has not resolved the issue, the North Carolina Court of Appeals has made clear that governmental immunity is a question of personal jurisdiction. *Data Gen. Corp. v. Cty. of Durham*, 142 N.C. App. 97, 100, 545 S.E.2d 243, 245–46 (2001) ("[A]n appeal of a motion to dismiss based on sovereign immunity presents a question of personal jurisdiction rather than subject matter jurisdiction[.]"); *see also Providence Volunteer Fire Dep't*, 253 N.C. App. at 131, 800 S.E.2d at 430 (declaring as recently as 2017 that the court of appeals has classified "the issue as one of personal jurisdiction").  In the absence of contrary authority from our Supreme Court, this Court is bound by the North Carolina Court of Appeal's interpretation of this issue. *See Bacon v. Lee*, 353 N.C. 696, 712, 549 S.E.2d 840, 851–52 (2001) ("A primary goal of adjudicatory

proceedings is the uniform application of law. In furtherance of this objective, courts generally consider themselves bound by prior precedent, i.e., the doctrine of stare decisis.").

17. Because of the direction from the Court of Appeals, the Court considers the Motion, to the extent it is based on Plaintiff's claim of governmental immunity, as an issue of personal jurisdiction pursuant to Rule 12(b)(2), and not one of subject matter jurisdiction pursuant to Rule 12(b)(1).

18. As here, a motion to dismiss an action for lack of personal jurisdiction may be brought pursuant to Rule 12(b)(2). The claimant bears the burden of proving the grounds for exercising personal jurisdiction by a preponderance of the evidence. *Worley v. Moore*, 2017 NCBC LEXIS 15, at \*18 (N.C. Super. Ct. Feb. 28, 2017). When neither party submits evidence supporting or opposing a finding of personal jurisdiction, the Court must determine "whether the [counterclaims] contain[] allegations that, if taken as true, set forth a sufficient basis for the court's exercise of jurisdiction." *Parker v. Town of Erwin*, 243 N.C. App. 84, 96–97, 776 S.E.2d 710, 720–21 (2015); *see also Hagans v. City of Fayetteville*, 2015 U.S. Dist. LEXIS 93313, at \*9 (E.D.N.C. July 17, 2015) ("Where a challenge to personal jurisdiction is addressed only on the basis of motion papers, supporting legal memoranda, and the relevant allegations of the complaint, the burden on the plaintiff is simply to make a prima facie showing of a sufficient jurisdictional basis to survive the jurisdictional challenge.").

19.     In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the Court reviews the allegations in the Counterclaims in the light most favorable to the non-movant. *See Christenbury Eye Ctr., P.A. v. Medflow, Inc.*, 370 N.C. 1, 5, 802 S.E.2d 888, 891 (2017). The Court's inquiry is "whether, as a matter of law, the allegations of the [counterclaims] . . . are sufficient to state a claim upon which relief may be granted under some legal theory[.]" *Harris v. NCNB Nat'l Bank*, 85 N.C. App. 669, 670, 355 S.E.2d 838, 840 (1987). The Court accepts as true all well-pleaded factual allegations in the relevant pleading. *See Krawiec v. Manly*, 370 N.C. 602, 604, 811 S.E.2d 542, 545 (2018). The Court is however not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Good Hope Hosp., Inc. v. N.C. Dep't of Health & Human Servs.*, 174 N.C. App. 266, 274, 620 S.E.2d 873, 880 (2005) (citation omitted).

20.     Our Supreme Court has noted that "[i]t is well-established that dismissal pursuant to Rule 12(b)(6) is proper when '(1) the [counterclaim] on its face reveals that no law supports the [] claim; (2) the [counterclaim] on its face reveals the absence of facts sufficient to make a good claim; or (3) the [counterclaim] discloses some fact that necessarily defeats the [] claim.'" *Corwin v. British Am. Tobacco PLC*, 371 N.C. 605, 615 821 S.E.2d 729, 736–37 (2018) (quoting *Wood v. Guilford Cty.*, 355 N.C. 161, 166, 558 S.E.2d 490, 494 (2002)).

## IV. ANALYSIS

### A. Governmental Immunity

21. Plaintiff first seeks dismissal on the ground that, as a public housing authority, it is entitled to governmental immunity. "A public housing authority created and operated pursuant to Chapter 157 of the North Carolina General Statutes is a municipal corporation." *Evans v. Hous. Auth.*, 359 N.C. 50, 53, 602 S.E.2d 668, 670 (2004). A municipal corporation is entitled to governmental immunity for causes of action sounding in tort that arise from the exercise of its governmental functions, but it is not entitled to such immunity for any proprietary functions it undertakes. *Id.*

22. A governmental function is an activity that is "discretionary, political, legislative, or public in nature and performed for the public good [on] behalf of the State rather than for itself[.]" *Britt v. City of Wilmington*, 236 N.C. 446, 450, 73 S.E.2d 289, 293 (1952). A proprietary function is one that is "commercial or chiefly for the private advantage of the compact community." *Id.* The legislature's designation of an activity as a governmental function is not dispositive; "the question remains whether the specific [activity at issue], in the case and under these circumstances is a governmental function." *Meinck v. City of Gastonia*, 371 N.C. 497, 513–14, 819 S.E.2d 353, 364 (2018).

23. The Counterclaims are so deficient on their face that the Court is unable to discern what specific conduct forms the basis of Plaintiff's alleged wrongdoing. Defendants make conclusory allegations without any specific factual details or

support to permit the Court to understand the context in which the activity occurred. Defendants do not even make an allegation that Plaintiff has waived or is otherwise not entitled to governmental immunity or provide specific factual allegations to permit the Court to reasonably infer personal jurisdiction is proper. *See Can Am South, LLC v. State*, 234 N.C. 119, 126, 759 S.E.2d 304, 310 (2014) (concluding that pleading "[t]he defense of sovereign immunity is not applicable to any claims alleged herein" and particularities regarding the circumstances giving rise to the claims was sufficient to support a finding of personal jurisdiction).

24.     In no way does the Court conclude that any alleged conduct in the Counterclaims is a governmental function. The Court only finds that under these specific factual circumstances, and upon an uncontested motion, the record before the Court does not support a conclusion that Plaintiff was acting in a proprietary function. Therefore, the Court concludes that Defendants have not met their burden of pleading factual allegations that support a finding of personal jurisdiction over Plaintiff and Plaintiff's Motion pursuant to Rule 12(b)(2) is GRANTED. Additionally, because the Court of Appeals has directed that governmental immunity claims are to be determined under Rule 12(b)(2), and not Rule 12(b)(1), the Motion, to the extent it is brought pursuant to Rule 12(b)(1), is DENIED.

25.     Even if the Court could properly exercise personal jurisdiction over Plaintiff, the Court concludes that both of the Counterclaims should be dismissed pursuant to Rule 12(b)(6).

**B.**     **Rule 12(b)(6) Analysis**

**1.     Tortious Interference with Contract**

26.     Based on the title of the claim and parsing generously the allegations contained therein, the first counterclaim appears to be for tortious interference with contract.  To state a claim for tortious interference with contract, the pleading must allege that:

> (1) a valid contract [exists] between the [claimant] and a third person which confers upon the [claimant] a contractual right against a third person; (2) the [opposing party] knows of the contract; (3) the [opposing party] intentionally induces the third person not to perform the contract; (4) and in doing so acts without justification; (5) resulting in actual damage to [claimant].

*United Labs., Inc. v. Kuykendall*, 322 N.C. 643, 661, 370 S.E.2d 375, 387 (1988).  As this Court has previously noted, "[t]he pleading standards for a tortious interference with contract claim are strict."  *Urquhart v. Trenkelbach*, 2017 NCBC LEXIS 12, at *15 (N.C. Super. Ct. Feb. 8, 2017); *see also Kerry Bodenhamer Farms, LLC v. Nature's Pearl Corp.*, 2017 NCBC LEXIS 27, at *16 (N.C. Super. Ct. Mar. 27, 2017).

27.     Defendants fail to properly and sufficiently allege any of the elements of a claim for tortious interference with contract, much less all of them.  As such the Court GRANTS Plaintiff's motion seeking dismissal of Defendants' first claim for tortious interference with contract, and the claim is DISMISSED.

**2.     Defamation**

28.     As previously noted, the second counterclaim is brought solely by Mr. Gerald and appears to be based on alleged defamatory statements made by Plaintiff about him both publicly and in pleadings in this action.

29. To the extent the defamation counterclaim is based on allegations and statements made in the pleadings in this action, it fails. The Court of Appeals has provided that:

> [A] defamatory statement made in due course of a judicial proceeding is absolutely privileged and will not support a civil action for defamation, even though it be made with express malice, unless the statement is so palpably irrelevant to the subject matter of the controversy that no reasonable man can doubt its irrelevancy or impropriety[.]

*Watts-Robinson v. Shelton*, 251 N.C. App. 507, 510, 796 S.E.2d 51, 54 (2016) (citations and quotation marks omitted).

30. The Court has reviewed the allegations contained in the Complaint filed by Plaintiff and concludes that they are sufficiently relevant to the proceeding instituted by Plaintiff to deserve protection from claims for defamation. As a result, to the extent the second counterclaim is based on statements made by Plaintiff in the documents filed in this action, the claim is DISMISSED.

31. With respect to statements allegedly made by Plaintiff about Mr. Gerald outside the pleadings in this litigation, the counterclaim fares no better. As the Court of Appeals recently stated:

> When pleading a claim for defamation, the alleged defamatory statements made or published by the defendant need not be set out verbatim in the plaintiff's complaint if alleged substantially *in haec verba*, or with sufficient particularity to enable the court to determine whether the statement was defamatory. In addition, allegations of time and place are material for the purpose of testing the sufficiency of any pleading and such allegations should be pleaded with particularity in a defamation complaint.

*Wynn v. Tyrrell Cty. Bd. of Educ.*, No. COA16-1130, 2017 N.C. App. LEXIS 358, at *6 (N.C. Ct. App. May 16, 2017) (citations and quotation marks omitted); *see also Horne*

*v. Cumberland Cty. Hosp. Sys., Inc.*, 228 N.C. App. 142, 150, 746 S.E.2d 13, 20 (2013) ("Plaintiff's complaint fails to identify the allegedly defamatory remarks made by [the defendant] or to specify when they were made. This lack of specificity is, by itself, a sufficient basis to support the dismissal of plaintiff's defamation claim." (citation omitted)).

32. The counterclaim for defamation provides no specificity as to the statements allegedly made by Plaintiff, the persons allegedly making them, to whom they were allegedly made, where they were allegedly made, or when they were allegedly made. In the face of such glaring deficiencies, the Motion seeking dismissal of the second counterclaim should be GRANTED and the second counterclaim DISMISSED.

## V.    CONCLUSION

33. For the foregoing reasons, the Court hereby **GRANTS in part and DENIES in part** the Motion. Defendants' Counterclaims are **DISMISSED**.

    A.    The Court **DENIES** Plaintiff's Motion pursuant to Rule 12(b)(1) because governmental immunity is not an issue of subject matter jurisdiction.

    B.    The Court **GRANTS** Plaintiff's Motion pursuant to Rule 12(b)(2) for lack of personal jurisdiction.

    C.    The Court alternatively and additionally **GRANTS** Plaintiff's Motion pursuant to Rule 12(b)(6) as to Defendants' claims for tortious interference with contract and defamation.

**SO ORDERED**, this the 1st day of November, 2019.

/s/ Michael L. Robinson
Michael L. Robinson
Special Superior Court Judge
  for Complex Business Cases